# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:14 CR 327 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| GERALD K. PHILLIPS, | ) | |
| | ) | MEMORANDUM OPINION |
| Defendant. | ) | AND ORDER |

This matter is before the Court upon Petitioner Gerald K. Phillips's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, pursuant to 28 U.S.C. § 2255. (ECF #28). Mr. Phillips argues that he is entitled to resentencing because his enhanced sentence under 18 U.S.C. § 924(e)(2)(B) of the Armed Career Criminal Act (hereinafter "ACCA") was rendered unconstitutional by the decision in *Johnson v. United States*, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015).

## FACTUAL AND PROCEDURAL HISTORY

On September 16, 2014, Mr. Phillips was charged in a one-count indictment for felony possession of a firearm in violation of 18 U.S.C. § 922(g)(1). On January 7, 2015, Mr. Phillips pled guilty to the indictment against him as charged. At sentencing on October 15, 2015, this Court determined that Mr. Phillips qualified for an enhanced sentence under the ACCA because his presentence report revealed he had three convictions for ACCA predicate offenses. After this Court granted defendant's motion for a sentencing reduction, Mr. Phillips was sentenced to 84 months imprisonment.

Mr. Phillips did not file a direct appeal. Instead, on April 13, 2016, Mr. Phillips filed the instant Motion to Vacate under 28 U.S.C. § 2255. (ECF #28). Mr. Phillips challenges the

constitutionality of his enhanced sentence under the ACCA in light of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015) (finding the residual clause definition of "violent felony" in the ACCA, 18 U.S.C. § 924(e)(2)(B)(iii), to be unconstitutionally vague.). On April 13, 2017, the Government filed a Response in Opposition to Mr. Phillip's Motion for Relief under 28 U.S.C. §2255. (ECF #43).

## ANALYSIS

### I. Legal Standards

### A. Motion to Vacate under 28 U.S.C. §2255

A petitioner that moves to vacate, set aside or correct a sentence pursuant to 28 U.S.C. § 2255 must demonstrate that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) it is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255. As such, a court may grant relief under § 2255 only if a petitioner has demonstrated "a fundamental defect which inherently results in a complete miscarriage of justice." *Id.* (internal quotation and citation omitted). In his motion to vacate, Mr. Phillips challenges the constitutionality of his enhanced sentence under the ACCA and seeks resentencing.

### B. Mr. Phillips's Three Prior Convictions are Violent Felonies under § 924(e)(2)(B)(i).

Mr. Phillips was convicted of: (1) attempted felonious assault under O.R.C. §§ 2903.11, 2923.02, and domestic violence under O.R.C. § 2919.25; (2) domestic violence under O.R.C. § 2919.25; and (3) felonious assault under O.R.C. § 2903.11. The Sixth Circuit has determined that convictions under O.R.C. §§ 2903.11 and 2919.25 qualify as violent felonies under 18 U.S.C. § 924(e)(2)(B)(i) of the ACCA because each statute contains "as an element the use, attempted

use, or threatened use of physical force against the person of another." *See, United States v. Anderson*, 695 F.3d 390, 402 (6th Cir. 2012) (holding that a conviction under O.R.C. § 2903.11 qualifies as a violent felony under 18 U.S.C. § 924(e)(2)(B)(i).); *see also, United States v. Gatson*, 776 F.3d 405 (6th Cir. 2015) (holding that a conviction under O.R.C. § 2919.25 qualifies as a violent felony under 18 U.S.C. § 924(e)(2)(B)(i).). Thus, each of Mr. Phillips's convictions qualify as a violent felony under § 924(e)(2)(B)(i) and his sentence is proper under § 924(e)(2)(B)(i). Additionally, while Mr. Phillips argues his conviction for vehicular assault is not a violent felony, it was not used as a predicate offense for his enhanced sentence under the ACCA and is irrelevant.

**C. Mr. Phillips was not convicted under the residual clause invalidated in *Johnson*.**

Mr. Phillips argues that his prior convictions cannot be used as predicate offenses for the ACCA in light of the United States Supreme Court's decisions in *Johnson v. United States*, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015) and *Welch v. United States*, 136 S. Ct. 1257, 1268, 194 L. Ed. 2d 387 (2016). In *Johnson*, the Supreme Court found that the residual clause, 18 U.S.C. § 924(e)(2)(B)(iii), assessing a penalty for "conduct that presents a serious potential risk of physical injury to another" in the ACCA was unconstitutionally vague. In a follow-up case, *Welch v. United States*, 136 S. Ct. 1257, 1268, 194 L. Ed. 2d 387 (2016), the Supreme Court determined that the rule announced in *Johnson* was substantive and should be applied retroactively. While Mr. Phillips contends that his conviction under a different part of the definition, 18 U.S.C. § 924(e)(2)(B)(i), is also unconstitutionally vague, *Johnson* did not invalidate any other portion of the definition of a "violent felony" and thus, is not applicable. Therefore, Mr. Phillips is not entitled to relief, and any other potential claims are waived by his plea agreement. (ECF #13, at ¶ 19). *See, United States v. Morrison*, Case No. 16-5452, 2017

U.S. App. LEXIS 1525 (6th Cir. January 25, 2017) (appeal waiver bars post-conviction claims of misclassification as career offender under the Guidelines, even when there has been a change of law affecting the classification).

## CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition. 28 U.S.C. § 2253 provides, in part, as follows:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In order to make "substantial showing" of the denial of a constitutional right, as required under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issue presented were 'adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983)).

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484. Where the petition has been

denied on a procedural ground without reaching the underlying constitutional claims, the court must find that the petitioner has demonstrated that reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right *and* that reasonable jurists could debate whether the district court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

For the reasons stated above, the Court concludes that Mr. Phillips has failed to make a substantial showing of the denial of a constitutional right and there is no reasonable basis upon which to debate this Court's procedural rulings. Accordingly, the Court declines to issue a certificate of appealability.

## CONCLUSION

For the reasons set forth above, Mr. Phillips's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF # 28) is DENIED. Furthermore, because the record conclusively shows that Mr. Phillips is entitled to no relief under § 2255, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

IT IS SO ORDERED.

*/s/ Donald C. Nugent*
DONALD C. NUGENT
United States District Judge

DATED: July 11, 2017